IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

DIANA RANDOLPH,
DANA LIBERANTE and
LISA EWELL, and all
other similarly-situated individuals,

    Plaintiffs,

v.

WILLIAM D. SNYDER, in his official capacity as
SHERIFF OF MARTIN COUNTY,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiffs, DIANA RANDOLPH ["Randolph"], DANA LIBERANTE ["Liberante"], and LISA EWELL ["Ewell"] by and through their undersigned attorney, hereby files this lawsuit against WILLIAM D. SNYDER, in his official capacity as Sheriff of Martin County (commonly known as Martin County Sheriff's Office "MCSO" or the "Defendant"), alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for damages as a result of wages owed and is brought pursuant to the Fair Labor Standards Act 29 U.S.C. §201, et seq. ["The Act"] for unpaid overtime under § 207.

2. This court has federal jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. § 216(b).

3. Defendant has a primary location at 800 S.E. Monterrey Road, Stuart, Florida 34994.

4. Plaintiff Randolph is a resident of Saint Lucie County, Florida.

5. Plaintiff Liberante is a resident of Martin County, Florida.

6. Plaintiff Ewell is a resident of Martin County, Florida.

7. Martin County, Florida is proper venue for this action because Defendant has locations in Martin County, and at all times material hereto, Plaintiffs had dealings with Defendant in Martin County, Florida.

8. Defendant failed to pay Plaintiffs the mandatory wages as required under state and federal law.

## COMMON ALLEGATIONS

9. Plaintiff Randolph has been employed since September 4, 2012.

10. Plaintiff Randolph's position is that of Deputy Sheriff with duties that include security and control of inmates.

11. Plaintiff Liberante has been employed since September 15, 1997.

12. Plaintiff Liberante's current position is that of Deputy Sheriff with duties that include the case, custody, and control of inmates.

13. Plaintiff Ewell has been employed since February 15, 2007.

14. Plaintiff Ewell's position is that of Corrections Deputy with duties that included the care, custody, and control of inmates.

15. Defendant failed to pay Plaintiffs the mandatory wages as required under federal law.

16. Plaintiffs regularly worked over forty (40) hours in a given work week.

17. Plaintiffs are non-exempt employees under the FLSA.

18. Plaintiffs were not paid time and one half their hourly rate for all hours worked over forty (40) in a work week.

19. Plaintiffs and those similarly situated were not permitted to clock in and were not paid for the mandatory pre-shift briefing and the mandatory post shift briefing each shift worked. As a result Plaintiffs and those similarly situated incurred overtime which was also not paid. They estimate the weekly overtime is two and one half hours.

20. Plaintiffs' job duties were such that they themselves were individually engaged in commerce.

### COUNT I
### UNPAID OVERTIME
### IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207

Plaintiffs re-allege Paragraphs 1 through 20 as set forth herein.

21. Plaintiffs are covered, non-exempt employees and are entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

22. Plaintiffs worked in excess of forty (40) hours per week for several of the work weeks they were employed with the Defendant.

23. Plaintiffs often worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendant.

24. Defendant failed to compensate Plaintiffs up to one and a half times their hourly rate for all worked performed in excess of forty (40) hours.

25. The Defendant's failure to properly compensate Plaintiffs is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 207. Plaintiffs are aware of hours for which they were not compensated in the preceding period of time.

26. Defendant's failure to pay Plaintiffs overtime was the result of intentional, willful misconduct, such that Plaintiffs are entitled to overtime payments for the entire preceding period.

27. As a direct and proximate result of the Defendant's actions, Plaintiffs have obtained counsel to represent them in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiffs are entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

28. As a direct and proximate result of the Defendant's actions, Plaintiffs have suffered damages.

29. As a result of Defendant's conduct, Plaintiffs are entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against the Defendant as follows: The Plaintiffs be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiffs be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. § 216; and that Plaintiffs be awarded other and further relief as the Court deems just and proper.

Plaintiffs further demand a trial by jury.

Dated this 6th day of April 2018.

SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020

s/Cathleen Scott
Cathleen Scott, Esq.
Florida Bar No. 135331
Primary e-mail: CScott@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com

Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com