UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:18-CV-14120-ROSENBERG/MAYNARD

DIANA RANDOLPH, DANA
LIBERANTE & LISA
EWELL, and all other similarly-
situated individuals,

    Plaintiffs,

v.

WILLIAM D. SNYDER, in his
official capacity as SHERIFF
OF MARTIN COUNTY,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR
## CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION

This matter is before the Court on Plaintiffs' Motion for Authorized Class Notification & Collective Action Certification [DE 35]. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted.

Plaintiffs seek a conditional certification of a collective action under the Fair Labor Standards Act. *See* 29 USC § 216(b). Because Plaintiffs seek only a *conditional* certification, the standard applicable to Plaintiffs' Motion is quite lenient. *See Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001). At this stage of proceedings, the Court must determine whether, based upon pleadings and affidavits, notice should be given to potential class members:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.

*Id.* at 1218. The Court's evaluation of a plaintiff's pleadings and proffered affidavits is, as mentioned above, lenient:

> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

*Id.* In the event the Court grants conditional certification, a defendant may move at a later time (after discovery) to decertify the class. *Id.* At the conditional certification stage, the Court need not determine whether the plaintiff and opt-in plaintiffs are similarly situated—that determination is left to a later time after discovery develops sufficient facts.

Here, Plaintiffs have proffered ample evidence in the form of affidavits in support of their claims. Plaintiffs have filed six affidavits that attest to the fact that each affiant was an employee of Defendant who received inadequate compensation. More specifically, Plaintiffs attest that they received inadequate compensation by virtue of the policies and practices of Defendant pertaining to employees' mandatory attendance at post-shift briefings. Plaintiffs seek a conditional certification for employees who worked as officers for Defendant (since January of 2018) who were not paid overtime for time attending mandatory post-shift briefings. Upon review, the Court concludes that Plaintiffs' affidavits, particularly when the affidavits are considered under the lenient standard which the Court is bound to apply at this stage of proceedings, are facially sufficient for a conditional certification of a collective action.

In response, Defendant makes no argument of merit. First, Defendant argues that the proposed collective action would contain employees who were not similarly-situated. Plaintiffs' proposed collective action is narrow—it is targeted towards officer-employees who are required to

attend post-shift briefings and who were not paid for those briefings. While some of Defendants' officers may have different job titles, this is of no import,[1] and Plaintiffs' burden is merely to show that there is a reasonable basis to believe[2] that the officers who are required to attend briefings are, for the purpose of this suit, similarly situated; Plaintiffs have done so.[3] Second, Defendant argues that Plaintiffs' affidavits are vague and conclusory. The Court does not agree. Third and finally, Defendant argues that Plaintiffs have not shown that there are more similarly-situated employees who desire to opt-in to this suit. In light of the large number of officers employed by Defendant and that thirteen Plaintiffs have already joined this suit, Defendant's argument on this point is unpersuasive.

Plaintiffs' burden is a lenient one; this lenient standard "typically results in conditional certification" being granted. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006) (citation omitted). For the foregoing reasons, the Court concludes that Plaintiffs have met their burden. The Court grants Plaintiffs' motion for conditional certification of a collective action, and defines the conditional class as all current and former officers of Defendant who, since January of 2018, were required to attend mandatory briefings and were not paid for overtime for such attendance.

The Court turns its attention to Plaintiffs' proposed notice to the collective action. Defendant argues that Plaintiffs' proposed notice requires correction. First, Defendant requests that instead of being addressed to "All Custodial Officers," the notice should be addressed to "Corrections Deputies." The Court disagrees—the Court has conditionally certified a collective

---

[1] *E.g., Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261-62 (11th Cir. 2008) ("[T]he FLSA does not require potential class members to hold identical positions.").
[2] *Id.*
[3] At the conclusion of discovery Defendant may argue that the collective action contains employees who are not similarly situated.

action for all officers—not just correctional officers—who were required to attend briefings and who were not compensated accordingly. Second, Defendant requests that the notice clearly specify that the collective action is limited to those employed from January 1, 2018 to the present. The Court grants that request—the notice should so indicate. Third, Defendant requests that the notice inform the recipients of its defenses in this case by stating that: "Defendant denies Plaintiffs attended post-shift briefings during this time frame and denies that they are owed any unpaid overtime." Defendant's request is grounded in case law that stands for the proposition that a collective action notice should be neutral,[4] and the Court grants Defendant's request. Fourth, Defendant requests that employees be notified that they have the opportunity to discuss the case with Defendant's counsel (not just Plaintiffs' counsel) if they choose—that request is also granted. The Court denies all of Defendant's other requests without discussion as Plaintiffs' proposed notice is otherwise fair and adequate.

The Court addresses one final issue—deadlines in Plaintiffs' proposed notice.[5] Plaintiffs' proposed notice does not contain a timeline for the notices to issue and does not contain deadlines for the same. The parties are ordered to confer and to provide the Court with an amended collective action notice that complies with this Order and which contains proposed deadlines. Plaintiffs shall file and e-mail[6] their proposed notice within four court days of the date of rendition of this Order.

---

4 *E.g., Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989).
5 With respect to one other issue raised in the parties' briefing—whether discovery on the identities of the employees at issue should be expedited—the Court's certification of the collection action should render this dispute moot; Plaintiffs are now entitled to that discovery. With respect to Defendant's contention that it should not be required to provide social security numbers, Plaintiffs elected not to reply on this topic and appear to have conceded the same. In the event discovery disputes do remain, however, the parties may raise such issues in due course.
6 The proposed notice should be e-mailed to Rosenberg@flsd.uscourts.gov in Microsoft Word format.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Authorized Class Notification & Collective Action Certification [DE 35] is **GRANTED** as more fully set forth in this Order.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 16th day of November, 2018.

                                                                    ROBIN L. ROSENBERG
                                                                    UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record